E-FILED
Tuesday, 24 November, 2026 02:09:08 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| Mary B.D.,<br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Case No. 1:21-CV-01083-JEH-RLH |

## Opinion & Order

Now before the Court is the Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b).[1] (D. 26). For the reasons set forth *infra*, the Plaintiff's Motion is GRANTED.

**I**

The Plaintiff, M.B. Davis (Davis), commenced this action on March 5, 2021, against the Defendant, the Commissioner of Social Security (Commissioner). (D. 1). Mark Wilson represented Plaintiff Davis as her administrative counsel. This Court entered a judgment on September 28, 2022, reversing the Social Security Administration's denial of benefits and remanding the case to the Commissioner for further proceedings. On January 3, 2025, the administrative counsel, Mark Wilson, was awarded an Equal Access to Justice Act (EAJA) fee of $9,000.00 for attorney's fees and expenses from the Plaintiff's past due benefits. (D. 25 at ECF p. 1).

On October 6, 2025, an administrative law judge issued a Fully Favorable Decision finding Plaintiff Davis disabled as of January 10, 2019. On December 7, 2025, the Social Security Administration issued a Notice of Award finding the plaintiff was due $130,018.00 in total past-due benefits. Of this

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

amount, $32,504.50 represents 25% of the award and was withheld for the direct payment of attorney's fees by the Social Security Administration. (D. 26 at ECF p. 1).

Plaintiff Davis also had federal counsel: Hanson and Fisher, Attorneys at Law (Petitioner). There is no affiliation between Mark Wilson, the administrative counsel, and the Petitioner, the federal counsel. The Petitioner has not received an attorney's fee. On October 27, 2026, the Petitioner filed the present Motion seeking an attorney's fee pursuant to 42 U.S.C. § 406(b). (D. 26). On October 30, 2026, the U.S. Attorney's Office responded saying the "Defendant neither supports nor opposes counsel's request for attorney's fees in the amount of $32,000.00, under 42 U.S.C. § 406(b)." (D. 28). This matter is now fully briefed.

**II**

"42 U.S.C. § 406(a) authorizes the Social Security Administration . . . to award a 'reasonable fee' to attorneys and other persons who successfully represent claimants in administrative proceedings." *O'Donnell v. Saul*, 983 F.3d 950, 952 (7th Cir. 2020). 42 U.S.C. § 406(b)(1) provides that if an attorney successfully represents a claimant in federal court:

> [T]he court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

The Supreme Court has clarified that the "25% cap applies only to fees for representation before the court, not the agency" under § 406(a). *Culbertson v. Berryhill*, 586 U.S. 53, 54 (2019). "[S]o an attorney may ultimately be awarded more than 25% of past-due benefits under §§ 406(a) and (b)(1) combined." *O'Donnell*, 983 F.3d at 952. Section 406(b)(2) makes it a

misdemeanor for an attorney to charge or otherwise collect a fee for court representation in excess of the amount permitted under § 406(b)(1). However, the "Savings Provision" of the EAJA provides that an attorney does not violate § 406(b)(2) by accepting an EAJA fee in addition to a court fee under § 406(b)(1), "but only if, where the claimant's attorney receives fees for the same work under both 406(b)(1) and the EAJA, the claimant's attorney refunds to the claimant the amount of the smaller fee." *Id.* at 953 (internal citation omitted). An attorney may, however, retain the EAJA fee by subtracting the EAJA fee from the § 406(b) award. *See Thomas v. Bisignano*, No. 22-cv-650-wmc, 2026 WL 213112, at *1 (W.D. Wis. Jan. 27, 2026) ("[T]he court will allow counsel to retain the EAJA award, and the court will subtract the EAJA award from the amount awarded in this order.").

Here, the Petitioner seeks attorney's fees in the gross amount of $32,000.00, which is less than 25 percent of the past-due benefits (25 percent of $130,018.00 is $32,504.50). The Petitioner, however, only seeks the release of $23,000.00. The Petitioner seeks $9,000.00 less than the gross amount because the Court already awarded Mark Wilson, Plaintiff Davis's administrative attorney, $9,000.00. Because the Petitioner only seeks the release of $23,000.00, Mark Wilson may retain his $9,000.00 EAJA award in partial satisfaction of the § 406(b) award. Together, the Petitioner's $23,000.00 fee and Mark Wilson's $9,000.00 fee equal $32,000.00, which is less than 25 percent of the past-due benefits.

Section 406(b)(1) vests the Court with discretion to award a reasonable fee and to determine the fee. *O'Donnell*, 983 F.3d at 957. In making the determination, a court considers the contingent-fee agreement, the character of representation, the results achieved, and whether the past-due benefits recovered are disproportionate to the amount of time spent on the case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Here, the Plaintiff signed a fee agreement providing her attorney has the right to ask the court to award as much as 25% of her past-due benefits for representing her in court. $32,504.50 (25

percent of the Plaintiff's past-due benefits) is a reasonable amount in light of the contingent nature of the recovery, the efficient manner in which counsel handled the Plaintiff's case, the length of the record, the hours spent, and the results achieved. The Petitioner asks the Court to award $32,000.00 under 42 U.S.C. § 406(b), with Mark Wilson retaining his $9,000.00 fee and a $23,000.00 release to the Petitioner. The Court finds that $32,000.00 is a reasonable fee.

**IV**

For the reasons set forth *supra*, the Court GRANTS the Plaintiff's Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (D. 26). The Petitioner is awarded an attorney's fee under the Social Security Act, 42 U.S.C. § 406(b), in the gross amount of $32,000.000 (which is less than 25 percent of the Plaintiff's past-due benefits). Mark Wilson may retain his $9,000.00 EAJA award in partial satisfaction of the § 406(b) award. This leaves a net amount of $23,000.00 due to the Petitioner.

*It is so ordered.*

Entered on November 24, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE